UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Personal Wealth Partners, LLC, | Case No. 21-cv-2722 (WMW/DTS) |
| Plaintiff, | |
| | **ORDER** |
| v. | |
| Gary Dean Ryberg and Kestra Investment Services, LLC, | |
| Defendants. | |

Before the Court are Defendants Gary Dean Ryberg and Kestra Investment Services, LLC's (Kestra) motions to dismiss Plaintiff Personal Wealth Partners, LLC's (PWP) complaint. (Dkts. 28, 30.) For the reasons addressed below, the Court grants Ryberg's motion to dismiss for improper venue and transfers the action to the United States District Court for the District of North Dakota.

## BACKGROUND

PWP is a Minnesota limited liability company that provides investment advice to its clients. PWP employed Ryberg, a North Dakota resident, between January 2016 and November 2021. Kestra is a Texas limited liability company.

PWP hired Ryberg to serve its clients in PWP's Williston, North Dakota office. PWP alleges that it required Ryberg to enter into an agreement (the Agreement) to keep certain categories of information, including PWP's client data, confidential. PWP assigned Ryberg approximately 325 of its clients and provided Ryberg access to all of its client records and information.

Ryberg resigned in November 2021. PWP alleges that Ryberg began employment with Kestra on the day of Ryberg's resignation from PWP and that Ryberg encouraged PWP clients to transfer their accounts to him at Kestra. PWP alleges that it has lost 115 of its client accounts and 30 percent of its investment assets to Kestra.

PWP commenced this action in December 2021, advancing ten claims to relief, including breach of contract, breach of the duty of loyalty, breach of the duty of confidentiality, tortious interference with contract, tortious interference with prospective business relationships, violations of the Minnesota Trade Secrets Act, misappropriation of trade secrets, and unfair competition. PWP moved for a preliminary injunction and temporary restraining order, which the Court denied on January 18, 2022. Ryberg now moves to transfer venue or, in the alternative, to dismiss, pursuant to Federal Rules of Civil Procedure 12(b)(3) and 12(b)(6). Kestra moves to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6).

## ANALYSIS

Ryberg argues that the District of Minnesota is not the proper venue for this action and seeks dismissal under Federal Rule of Civil Procedure 12(b)(3). The federal venue statute provides, in relevant part:

> A civil action may be brought in—
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred,

> or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). When a party challenges a plaintiff's choice of venue, a district court must first determine whether the case falls within one of these three categories. *Atl. Marine Constr. Co. v. U.S. Dist. C. for the W. Dist. of Tex.*, 571 U.S. 49, 56 (2013). Whether the parties entered into an agreement that includes a forum-selection clause has no bearing on this threshold question. *Id.*

Section 1391(b)(1) provides that venue is proper in a judicial district in which any defendant resides, if all defendants reside in the state in which the district is located. 28 U.S.C. § 1391(b)(1). As relevant to the venue question at issue here, the statute defines residency as follows:

> (1) a natural person, including an alien lawfully admitted for permanent residence in the United States, shall be deemed to reside in the judicial district in which that person is domiciled; [and]
>
> (2) an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question and, if a plaintiff, only in the judicial district in which it maintains its principal place of business[.]

28 U.S.C. § 1391(c). At the April 21, 2022 hearing on Defendants' motions to dismiss, PWP argued that venue in this District is proper because the Court has personal

jurisdiction over Defendants. PWP relied on *Dakota Industries, Inc. v. Dakota Sportswear, Inc.*, in which the United States Court of Appeals for the Eighth Circuit held that "[i]f personal jurisdiction exists at the commencement of the action, then venue is proper under 28 U.S.C. § 1391(b)." 946 F.2d 1384, 1392 (8th Cir. 1991). But *Dakota Industries* is inapposite here. In *Dakota Industries*, the court relied on Section 1391(c) to conclude that venue was proper because the court had personal jurisdiction over the defendant corporation. *Id.* But Section 1391(c)(2) is applicable to only "an entity with the capacity to sue and be sued." Natural persons, on the other hand, "shall be deemed to reside in the judicial district in which that person is domiciled." 28 U.S.C. § 1391(c)(1). Ryberg is a natural person, not an entity. And it is undisputed that Ryberg is domiciled in North Dakota. Section 1391(b)(1) applies only if *all* defendants are residents of the state in which the judicial district is located. Because Ryberg is not a resident of Minnesota, venue is not proper in the District of Minnesota under Section 1391(b)(1).

Venue also is not proper in the District of Minnesota under Section 1391(b)(3) because, as addressed below, this action may be brought properly in North Dakota. *See Atl. Marine*, 571 U.S. at 56–57 (observing that Section 1391(b)(3) is "a fallback option" that applies only if "no other venue is proper"). Accordingly, the Court considers whether venue is proper in the District of Minnesota under Section 1391(b)(2).

It is a defendant's burden to establish that the plaintiff's chosen venue lacks a sufficient connection to the parties' dispute. *United States v. Orshek*, 164 F.2d 741, 742 (8th Cir. 1947). A court may consider matters beyond the pleadings when ruling on a motion to dismiss for improper venue. *See, e.g., Advanced Logistics Consulting, Inc. v. C.*

4

*Enyeart LLC*, No. 09-720 (RHK/JJG), 2009 WL 1684428, at *2 (D. Minn. June 16, 2009). When determining whether venue is proper under Section 1391(b)(2), a district court considers whether the plaintiff has chosen a venue that has a substantial connection to the plaintiff's claims regardless of whether another forum has a more substantial connection. *Pecoraro v. Sky Ranch for Boys, Inc.*, 340 F.3d 558, 563 (8th Cir. 2003). Also, when determining whether venue is proper, a court need not "*only* consider the defendant's allegedly wrongful activities," but the court's "*focus* must be on relevant activities of the defendant in the forum state." *Steen v. Murray*, 770 F.3d 698, 703 (8th Cir. 2014).

Ryberg worked in PWP's office in Williston, North Dakota. Of Ryberg's 525 clients, only five may have lived in Minnesota at some point in time, and Ryberg attests that he had little contact with those clients after they moved to Minnesota. Ryberg did not solicit clients in Minnesota, and he accessed all client information from Williston, North Dakota. Ryberg attended one work-related meeting in Minnesota in addition to two PWP holiday parties. Ryberg's connections to Minnesota consist of receiving a salary and benefits from PWP, a Minnesota company, for more than five years, attending two holiday parties and one meeting in Minnesota, servicing five or fewer Minnesota clients, and sending a resignation letter to Minnesota. Importantly, these contacts do not constitute a substantial part of the events or omissions giving rise to PWP's claims against Ryberg. Instead, PWP's claims stem from allegations that Ryberg, while working in North Dakota, transferred confidential information and clients, most of whom lived in North Dakota, from PWP to Kestra, a North Dakota company.

PWP contends that "[a]lmost everything giving rise to" Ryberg's alleged misconduct "flowed through and involved Minnesota." But the Court's analysis must focus on the "relevant activities of the defendant in the forum state, not on the effect of those activities on the plaintiff in the forum state." *Id.* And although Ryberg's actions impacted PWP in Minnesota, the record reflects that the events underlying PWP's claims took place in North Dakota.

For these reasons, Ryberg has met his burden to establish that Minnesota lacks sufficient connection to the dispute because "a substantial part of the events or omissions giving rise to the claim occurred" in North Dakota, not Minnesota. 28 U.S.C. § 1391(b)(2). When venue is improper, a district court may transfer the case in the interests of justice to any district or division in which the case could have been brought. 28 U.S.C. § 1406(a). Because a substantial part of the events or omissions giving rise to the claim occurred in North Dakota, the Court grants Ryberg's motion to transfer venue and transfers the case to the United States District Court for the District of North Dakota. In light of the Court's decision to grant Ryberg's motion to transfer venue, the Court declines to consider Kestra's motion to dismiss or Ryberg's alternative arguments for dismissal under Federal Rule of Civil Procedure 12(b)(6).

**ORDER**

Based on the foregoing analysis and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED**:

1.  Defendant Gary Dean Ryberg's motion to transfer venue, (Dkt. 28), is **GRANTED** as addressed herein.

2. The Clerk of Court is directed to **TRANSFER** this action to the United States District Court for the District of North Dakota.

Dated: August 26, 2022                                         s/Wilhelmina M. Wright
                                                              Wilhelmina M. Wright
                                                              United States District Judge